D. VICTORIA BARANETSKY (SBN 311892)
The Center for Investigative Reporting
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
wes.samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and NAJIB AMINY,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>Defendant. | CASE NO.  3:22-cv-5964-SK<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br>Initial Case Management Conference Setting:<br>Date: June 12, 2023<br>Time: 1:30 PM<br>Videoconference Only |

The Center for Investigative Reporting ("CIR") and Najib Aminy (collectively "Plaintiffs") and Defendant, the U.S. Department of Homeland Security ("DHS") via the U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants") ("FOIA") (Plaintiffs and Defendant collectively hereafter referred to as the "Parties") jointly submit this initial Joint Case Management Statement ("JCMS") in advance of the Case Management Conference ("CMC") set for June 12, 2023.

**1.    Jurisdiction and Service**

Plaintiffs brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  In view of the discussions regarding a stipulation as discussed further

below, Defendants have not yet answered or otherwise responded to the Complaint. Accordingly, Defendants will raise any issues with jurisdiction as appropriate when answering or otherwise responding to the Complaint. *See* Dkt. No. 20. There are no issues with service.

**2.     Facts**

On February 17, 2022, Plaintiffs submitted to Defendants a FOIA request to which USCIS assigned Control Number COW2022000785 (the "Original Request"). *See* Dkt. No. 1-2 (Compl. Ex. A). The Original Request consisted of 15 separate items (collectedly, the "Items") related to "Afghan Evacuation and Post Evacuation Efforts." *Id*.

Original Request Items 1-14:  After conferring with USCIS, Plaintiffs agreed to modify Items 1-14 in the Original Request to a query of the following parameters related to humanitarian parole applications and fee waiver applications for Afghan nationals, to the extent datapoints were available:

- Date of application;
- Decision (conditionally approved, denied, and closed);
- Date of final decision;
- Sex/Gender;
- Year of Birth;
- Country of Birth;
- Country/Countries of Citizenship;
- Country of Residence;
- Marital status;
- Number of Children;
- U.S. Address: Residence or Destination state; and
- Foreign Address state.

*See* Dkt. No. 1-9 (Compl. Ex. H) at 3-4. Thereafter, between about July 11, 2022, and August 2, 2022, Defendants provided to Plaintiffs four releases containing humanitarian parole data falling within the date range January 1, 2021, to May 1, 2022, with withholdings pursuant to the FOIA (collectively the "First Four Releases," which consisted of all the released "Humanitarian Parole Data"). *See* Dkt. Nos. 1-12 (Compl. Ex. K), 1-13 (Compl. Ex. L) (Third Response Letter, dated July 20, 2022), Dkt. No. 1-15 (Compl. Ex. N).

Original Request Item 15:  Before filing suit, Plaintiffs also had a conference call with USCIS regarding Item 15 of the Original Request. *See* Dkt. No. 1-13 (Compl. Ex. L) at 2. During that conference

call, Plaintiffs clarified that Item 15 of their request "w[as] not seeking data but rather training materials that USCIS has provided to its own internal adjudicators to determine rulings specific to Humanitarian Parole applications (including but not limited to approvals, further evidence needed, administrative review, denials)" (hereafter the "Training Materials"). *See id*.

On October 11, 2022, Plaintiffs filed the instant Complaint, Dkt. No. 1 in the above captioned action, seeking the Training Materials. *See* Compl. ¶ 47.

After the instant Complaint was filed, Plaintiffs and USCIS met and conferred, and as a result Defendants released to Plaintiffs a total of 701 pages of Training Materials responsive to Item 15 of Plaintiffs' Original Request as clarified (collectively, the "5th and 6th Releases"). Defendants released 671 of the 701 pages of responsive Training Materials on about January 19, 2023 (the "5th Release"). Defendants sent 30 pages of additional Training Materials for consultation. Those remaining 30 of the 701 pages of responsive Training Materials sent for consult were thereafter released to Plaintiffs on about January 24, 2023 (the "6th Release"). To facilitate coordination, Bates stamped versions of 5th and 6th Releases were also provided by Defendants to Plaintiffs on about February 27, 2023. In the 5th and 6th Releases, Defendants applied FOIA exemptions, such as Exemption 6 and Exemption 7(E), thereby withholding some records in the 5th and 6th Releases in-part.

Since January 2023, Defendants have made no further releases. Plaintiffs contend that Defendants have not disclosed all of the records responsive to the 5th and 6th Releases, which is the remaining issue in this case. Plaintiffs and USCIS have met and conferred over these withholdings multiple times since January.

<u>The New Request:</u>  Via letter dated March 9, 2023, Plaintiffs submitted a new FOIA Request to USCIS, to which USCIS assigned Control Number COW2023002443 (hereafter, the "New Request"), which is not part of the above captioned district court action, but asks for identical information from the Humanitarian Parole Data, for a different time period. Counsel for Plaintiffs identified the New Request for Counsel for Defendants during a meet and confer regarding the above captioned action on May 15, 2023.

**3.     Legal Issues**

Following the 5th and 6th Releases, in the spirit of compromise, Plaintiffs and USCIS met and conferred further regarding four categories of information listed below. Plaintiffs contend that the first three categories of information are records from the 5th and 6th Releases which remain to be produced and that have not yet been produced. Defendants disagree. The fourth category the parties agree is outside the ambit of the litigation, but have agreed to include, in the spirit of compromise, for consideration to conclude this litigation. Those four categories are:

(1) Prior versions of the presentations in the Training Materials released in the 5th and 6th Releases;

(2) A record disclosing the dates of creation and the dates of last modification for each presentation in the Training Materials released in the 5th and 6th Releases, to the extent such dates may be ascertained. Plaintiffs' position is that Defendants' metadata should be disclosable containing this information. Defendants' position is that they have to create a new record to disclose this information;

(3) The extent of withholdings made pursuant to FOIA Exemption 7(E) within the 5th and 6th Releases and whether USCIS will re-review those withholdings; and

(4) That USCIS release updated Humanitarian Parole Data like that released with the First Four Releases but updated to fall within the date range May 1, 2022, to May 1, 2023.

In the spirit of compromise, the Parties are discussing, and have exchanged redline versions of, a draft stipulation which endeavors to memorialize the terms under which USCIS may release records resolving categories 1, 3, and 4, and create a record resolving category 2.

Plaintiffs' Position:  If the Parties are able to reach agreement on stipulation, Plaintiffs suggest—without binding themselves here—they may be willing to:

- Waive attorneys' fees in the above captioned matter;
- Waive any challenge to any withholdings made in the First Four Releases which contained Humanitarian Parole Data responsive to Items 1-14 of the Original Request; and
- Withdraw the New Request.

INITIAL JOINT CASE MANAGEMENT STATEMENT
3:22-CV-05964-SK                                                                    4

Plaintiffs seek to reserve their rights to challenge:

- Any withholdings made pursuant to FOIA exemptions which might be applied to the four categories of information;
- Any withholdings made pursuant to FOIA Exemption 7(E) which might remain after USCIS's re-reviewed of the 5th and 6th Releases;
- The sufficiency of USCIS's search for and withholdings made pursuant to FOIA exemptions in prior version of the Training Materials released in the 5th and 6th Releases;

Plaintiffs have requested USCIS make releases resolving the four categories no later than the end of June.

<u>Defendants' Position:</u> Defendants' position is that the above categories of information (1)-(4) are outside the scope of Plaintiffs' Original Request. Indeed, regarding categories of information (1), (2), and (4) specifically, Plaintiffs only requested (1) the prior versions, (2) the dates of creation and dates of modification, and raised (4) the New Request after USCIS provided the 5th and 6th Releases. *See* Dkt. Nos. 1-2, 1-13, 1-15, and 1-19. In the spirit of facilitating compromise and without binding themselves here USCIS further notes it has already begun:

(1) Searching for the prior versions of the presentations in the Training Materials released in the 5th and 6th Releases;

(2) Investigating the availability of the dates of creation and the dates of last modification for each presentation in the Training Materials released in the 5th and 6th Releases, to the extent such dates may be ascertainable by USCIS;

(3) Re-reviewing withholdings made pursuant to FOIA Exemption 7(E) in the 5th and 6th Releases; and

(4) Investigating how long it might take to collect Humanitarian Parole Data like that released with the First Four Releases but updated to fall within the date range May 1, 2022, to May 1, 2023.

In response to Plaintiffs' reservation of rights, Defendants contend that Plaintiffs may not challenge:

- Defendants' search for, or withholdings made pursuant to FOIA exemptions, in the prior versions of the presentations in the Training Materials released in the 5th and 6th Releases insofar as these records pre-date the "Afghan Evacuation and Post Evacuation Efforts," and

INITIAL JOINT CASE MANAGEMENT STATEMENT
3:22-CV-05964-SK                                                          5

are therefore outside the scope of the Original Request (*see* Dkt. No. 1-2 (Compl. Ex. A); and

- Anything about a record created by USCIS for the purpose of compromise, especially wherein such a record discloses the dates of creation and the dates of last modification for each presentation in the Training Materials released in the 5th and 6th Releases, to the extent such dates may be ascertained.

In view of the scope of what Plaintiffs could challenge following any such stipulation, Defendants further contend that any remaining litigation in the above captioned matter would necessarily involve only Plaintiffs' challenge to the Defendants' withholdings made pursuant to FOIA Exemption 7(E) remaining in the re-reviewed records from the 5th and 6th productions because those were the last records produced that fell within the scope of the Original Request. Additionally, in terms of timing, owing to recent events, USCIS is experiencing resource constraints such that a 30-day deadline is untenable, especially with regard to the recently raised category 4. *See, e.g.*, Secretary Mayorkas Remarks at a White House Press Briefing Ahead of the Lifting of the Title 42 Public Health Order, https://www.dhs.gov/news/2023/05/11/secretary-mayorkas-remarks-white-house-press-briefing-ahead-lifting-title-42-public (May 11, 2023) (last visited June 1, 2023) ("We have surged . . . over a thousand asylum officers . . . to see this through."). Accordingly, USCIS has proposed in good faith a 45-day deadline.

**4.    Motions**

There are no prior or pending motions.

**5.    Amendments to the Pleadings**

No amendments to the pleadings are anticipated by either Party at this time.

**6.    Evidence Preservation**

Defendants have not yet answered or otherwise responded to the Complaint. The Parties have taken, or are taking, steps necessary to preserve evidence relevant to the issues reasonably evident in this action. The Parties also certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The

parties are not aware of any evidence preservation issues that may impact this dispute.

**7. Disclosures**

Defendants have not yet answered or otherwise responded to the Complaint. Accordingly, at least as of the filing of this JCMS, the Parties agree and stipulate that initial disclosures pursuant to Federal Rule of Civil Procedure 26 are not necessary at this time. Therefore, the Parties ask that the Court defer setting a deadline for initial disclosures at this time. Insofar as disclosures implicate discovery, Defendants note that discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents" (citation omitted)); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

**8. Discovery**

To date, no discovery has been taken by any party. At least as of the filing of this JCMS, the Parties agree and stipulate that discovery is not necessary at this time. Defendants note that discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents" (citation omitted)); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

The New Request, submitted by Plaintiffs to USCIS via letter dated March 9, 2023, to which USCIS assigned Control Number COW2023002443 (hereafter, the "New Request"), is not part of the above captioned district court action, but the subject matter seeks, in-part, updated Humanitarian Parole Data like that released with the First Four Releases but updated to fall within the date range May 1, 2022, to May 1, 2023. Additionally, there are no related cases pending before this Court as defined by Local Rule 3-12.

## 11. Relief

In the Complaint, Plaintiffs seek the following relief:

1. Declare that Defendant USCIS violated FOIA by failing to timely provide requested records in response to Plaintiffs' request; by failing to notify Plaintiffs of a final determination as to the request within the statutory time limit; by failing to process their expedited request as soon as practicable; and by failing to notify Plaintiffs that expedited processing had been granted within the statutory time limit.

2. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

3. Order Defendant USCIS to expeditiously provide the requested documents to Plaintiffs within 20 business days of the Court's order;

4. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

5. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

Defendants have not yet answered or otherwise responded to the Complaint. Accordingly, Defendants will identify the relief they request as appropriate when answering or otherwise responding to the Complaint. *See* Dkt. No. 20.

## 12. Settlement and ADR

Both Parties have filed ADR Certification and will be prepared to discuss ADR at the CMC. Given the posture of this case and their discussions regarding the draft stipulation thus far, the Parties remain hopeful that they may resolve this case via continuing negotiations.

## 13. Other References

None.

## 14. Narrowing of Issues

The Parties respectfully refer the Court to Section 3, *supra*, which details continuing discussions held in the spirit of compromise to narrow this case and resolve the New Request.

**15.  Expedited Schedule**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**16.  Scheduling**

The Parties are working in good faith to resolve the claims and issues in this action as detailed above in Section 3, *supra*.  To the extent any disputes remain, the Parties anticipate that this entire case will be resolved through the meet and confer process, ADR, or summary judgment.

<u>Plaintiffs' Position:</u>  Plaintiffs propose that, in addition to holding the case management conference, that the Parties submit a further joint status report by June 26, 2023, to update the Court regarding the Parties' discussions regarding the Draft Stipulation.

<u>Defendants' Position:</u>  Defendants propose that, in addition to holding the case management conference, that the Parties submit a further joint status report by July 10, 2023, to update the Court regarding the Parties' discussions regarding the Draft Stipulation.

**17.  Trial**

The Parties anticipate that this entire case will be resolved through the meet and confer process, ADR, or summary judgment.

**18.  Disclosure of Non-Party Interested Entities or Persons**

Defendants are exempt from this requirement.  Plaintiffs have filed a certificate attesting to no interested parties in this case. *See* Dkt. 3.

**19.  Professional Conduct**

Both Parties' Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

DATED: June 5, 2023                Respectfully submitted,

        ISMAIL J. RAMSEY
        United States Attorney

        */s/ J. Wesley Samples*
        J. WESLEY SAMPLES
        Assistant United States Attorney

        Attorneys for Defendant


DATED: June 5, 2023                Respectfully submitted,

        */s/ D. Victoria Baranetsky\**
        D. VICTORIA BARANETSKY
        The Center for Investigative Reporting

        Attorney for Plaintiffs

*\* In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*