D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE
REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorney

        450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
        Telephone: (415) 436-7200
        Fax: (415) 436-7234
        wes.samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and NAJIB AMINY, | Case No. 3:22-cv-5964-SK |
| Plaintiffs, | **JOINT STIPULATION & ORDER REGARDING REMAINING SCOPE OF CASE AND RELEASE OF REQUESTED INFORMATION, AND [~~PROPOSED~~] ORDER** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| Defendant. | |

WHEREAS, on February 17, 2022, Defendant, the U.S. Department of Homeland Security ("DHS") via the U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants") received a complex Freedom of Information Act ("FOIA") request submitted by The Center for Investigative Reporting ("CIR") and Najib Aminy (collectively "Plaintiffs") (Plaintiffs and Defendants collectively hereafter referred to as the "Parties"), to which USCIS assigned Control Number COW2022000785, consisting of 15 separate items (collectedly, the "Items") related to "Afghan Evacuation and Post Evacuation Efforts" as follows:

1. The current database schema, data dictionary, or other reference document(s) regarding all databases used by USCIS to track Humanitarian Parole applications from Afghan Nationals.

2. Data (or other records) that show the number of Humanitarian Parole applications with all relevant fields from Afghan nationals that USCIS received between the period of Jan 1, 2021 to Feb 1, 2022.

3. Data (or other records) that show the number of Humanitarian Parole applications with all relevant fields from Afghan nationals that USCIS approved between the period of Jan 1, 2021 to Feb 1, 2022.

4. Data (or other records) that show the number of Humanitarian Parole applications with all relevant fields from Afghan nationals that USCIS rejected between the period of Jan 1, 2021 to Feb 1, 2022.

5. Data (or other records) that show the number of Humanitarian Parole applications with all relevant fields from Afghan nationals that USCIS "Administratively closed" between the period of Jan 1, 2021 to Feb 1, 2022.

6. Data (or other records) that show the number of Humanitarian Parole applications with all relevant fields from Afghan nationals that USCIS is processing and where the status of the application is pending between the period of Jan 1, 2021 to Feb 1, 2022.

7. Data (or other records) that show the demographic breakdown of Humanitarian Parole applications USCIS received from Afghan nationals from Jan 1, 2021 to Feb 1, 2022, including all relevant fields (including but not limited to each applicant's gender, sex, age, family unit, children, marital status, applicant's home city, applicant's filing location).

8. Data (or other records) that show the number of Humanitarian Parole applications from Afghan nationals that USCIS denied with all relevant fields (including but not limited to date of denial, type of denial, when the application was received, when the ruling was made.)

9. Data (or other records) that show the average response time, with all relevant fields, for USCIS in receiving, processing and responding to Humanitarian Parole applications from Afghan nationals from Jan 1, 2021 to Feb 1, 2022.

10. Data (or other records) that show the quickest response time, with all relevant fields, for USCIS in receiving, processing and responding to Humanitarian Parole applications from Afghan nationals from Jan 1, 2021 to Feb 1, 2022.

11. Data (or other records) that show the slowest response time, with all relevant fields, for USCIS in receiving, processing and responding to Humanitarian Parolee applications from Afghan nationals from Jan 1, 2021 to Feb 1, 2022.

12. Data (or other records) that show the total number of fee waivers (FORM I-912) with all relevant fields that USCIS received, processed and responded to in relation to Humanitarian Parole applications from Afghan Nationals from Jan 1, 2021 to Feb 1, 2022.

13. Data (or other records) that show the response breakdown of fee waivers USCIS received from Afghan nationals from Jan 1, 2022 to Feb 1, 2022, including all relevant fields (including but not limited to accepted, denied, dates received and dates responded

to).

14. Data (or other records) that show the total fees USCIS has collected with all relevant fields from Humanitarian Parole applications from Afghan Nationals from Jan 1, 2021 to Feb 1, 2022).

15. Data (or other records) with all relevant fields that show documents, training materials or rubrics that USCIS has provided to its own internal adjudicators to determine rulings specific to Humanitarian Parole applications (including but not limited to approvals, further evidence needed, administrative review, denials)

Dkt. No. 1-2 (Compl. Ex. A) (hereafter, the "Original Request").

WHEREAS, on May 23, 2022, Plaintiffs agreed to modify Items 1-14 to request a query of the following parameters related to humanitarian parole applications and fee waiver applications for Afghan nationals, to the extent datapoints were available:

Date of application;

Decision (conditionally approved, denied, and closed);

Date of final decision;

Sex/Gender;

Year of Birth;

Country of Birth;

Country/Countries of Citizenship;

Country of Residence;

Marital status;

Number of Children;

U.S. Address: Residence or Destination state;

Foreign Address state.

*See* Dkt. No. 1-9 (Compl. Ex. H) at 3-4.

WHEREAS, in four releases provided to Plaintiffs between about July 11, 2022, and August 2, 2022 (i.e., before the instant Complaint was filed), Defendants released to Plaintiffs humanitarian parole data falling within the date range January 1, 2021, to May 1, 2022, with withholdings pursuant to the FOIA (collectively the "First Four Releases," which consisted of all the released "Humanitarian Parole Data"). *See* Dkt. Nos. 1-12 (Compl. Ex. K), 1-13 (Compl. Ex. L) (Third Response Letter, dated July 20,

2022), Dkt. No. 1-15 (Compl. Ex. N); Compl. ¶¶ 35, 39, 41, 42, 45.

WHEREAS, Plaintiffs also clarified Item 15 of their request, clarifying that Plaintiffs "were not not seeking data but rather training materials that USCIS has provided to its own internal adjudicators to determine rulings specific to Humanitarian Parole applications (including but not limited to approvals, further evidence needed, administrative review, denials)" (hereafter the "Training Materials").  Dkt. No. 1-13 (Compl. Ex. L) at 2; *see* Compl. ¶¶ 44, 47.

WHEREAS, on October 11, 2022, Plaintiffs filed the instant Complaint, Dkt. No. 1 in the above captioned action, seeking the Training Materials.  *See* Compl. ¶ 47.

WHEREAS, after the instant Complaint was filed Plaintiffs and Defendants met and conferred, and as a result Defendants released to Plaintiffs a total of 701 pages of Training Materials responsive to Item 15 of Plaintiffs' FOIA request as clarified (collectively, the "5th and 6th Releases").  Defendants released 671 of the 701 pages of responsive Training Materials on about January 19, 2023 (the "5th Release").  Defendants sent 30 pages of additional Training Materials for consultation.  Those remaining 30 of the 701 pages of responsive Training Materials sent for consult were thereafter released to Plaintiffs on about January 24, 2023 (the "6th Release").  To facilitate coordination, Bates stamped versions of 5th and 6th Releases were also provided by Defendants to Plaintiffs on about February 27, 2023.  In the 5th and 6th Releases Defendants applied FOIA exemptions, such as Exemption 6 and Exemption 7(E), thereby withholding some records in the 5th and 6th Releases in-part.

WHEREAS, via letter dated March 9, 2023, Plaintiffs submitted a new FOIA Request to USCIS, to which USCIS assigned Control Number COW2023002443 (hereafter, the "New Request"), which is not part of the above captioned action, but the subject matter of which seeks in-part an update to the Humanitarian Parole Data.

WHEREAS, on July 14, 2023, Plaintiffs and Defendants attended a Settlement Conference before the Honorable Judge Kang resulting in this Stipulation.

NOW, THEREFORE by and between The Center for Investigative Reporting ("CIR") and Najib Aminy (collectively "Plaintiffs"), and the U.S. Department of Homeland Security ("DHS") including the U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), it is hereby STIPULATED and AGREED as

follows1:

1.  Defendants adequately and sufficiently responded to Items 1-14 of Plaintiffs' Original Request with the First Four Releases, which were provided to Plaintiffs before the instant Complaint was filed. Accordingly, Plaintiffs forever waive any challenge to, shall not challenge, and are barred from challenging any aspect of Defendants' responses to Items 1-14 of Plaintiffs' Original Request in any court, administrative proceeding, or before any other tribunal, including without limitation Defendants' search for or withholdings made pursuant to the FOIA in the release of the information described in this paragraph.

2.  USCIS shall in good faith conduct a reasonable search within the USCIS Refugee Asylum and International Operations Directorate ("RAIO") for humanitarian parole training materials created or revised within the time frame from January 1, 2021, to May 1, 2022 (the "Additional Training Materials"). USCIS shall release the compiled and processed records described in this paragraph to Plaintiffs pursuant to paragraph 6, below.  Plaintiffs forever waive any challenge to, shall not challenge, and are barred from challenging in any court, administrative proceeding, or before any other tribunal the reasonableness, adequacy, or sufficiency of USCIS's search for the records released in the 5th  and 6th Releases (which also consisted entirely of Training Materials) as well as USCIS's additional search for the Additional Training Materials described in this paragraph. If Plaintiffs are dissatisfied with USCIS's withholdings made pursuant to FOIA Exemption 7(E) or any FOIA Exemption of a type not previously applied in the 5th and 6th Releases which is applied for the first time in the aforementioned Additional Training Materials described in this paragraph, then Plaintiffs shall proceed with the protocol described in paragraph 8, below.  Additionally, for the avoidance of any doubt, this paragraph shall not obligate USCIS to re-release the Training Materials previously released in the 5th and 6th Releases.

3.  To the extent any training presentation released to Plaintiffs in the Additional Training Materials or the 5th and 6th Releases lack a date of last modification, USCIS agrees to create a table or spreadsheet providing Plaintiffs with a date of last modification for any such training presentation subject to the protocol described in paragraph 8, below.  USCIS makes no guarantees that such date of last modified

---

1 The Parties incorporate here by reference all the defined terms appearing in parentheses as used in all of the preceding retail paragraphs beginning with "WHEREAS."

information exists or can be ascertained for all those training presentations contained in the 5th and 6th Releases and which might be contained in the Additional Training Materials, but USCIS agrees in good faith to ascertain such dates to the extent USCIS is able.

4. USCIS agrees to re-review withholdings made pursuant to FOIA Exemption 7(E) (i.e., 5 U.S.C. § 552(b)(7)(E)) in the 5th and 6th Releases and to remove withholdings made pursuant to FOIA Exemption 7(E) to the extent USCIS in its sole discretion determines appropriate as a result of the re-review, reserving the right to continue to apply Exemption 7(E) as warranted.. As a result of the re-review USCIS shall provide Plaintiffs with a supplemental release of the aforementioned re-reviewed records from the 5th and 6th Releases pursuant to this paragraph and pursuant to paragraph 6, below. If Plaintiffs are dissatisfied with USCIS's withholdings made pursuant to FOIA Exemption 7(E) in the aforementioned supplemental release of re-reviewed records described in this paragraph, then Plaintiffs shall proceed with the protocol described in paragraph 8, below.

5. USCIS agrees to search for, compile, process, and release, pursuant to the FOIA and its implementing regulations, with withholdings commensurate with the First Four Releases, and without waiving application of any applicable FOIA exemption, Humanitarian Parole Data like that released with the First Four Releases but now updated to fall within the date range May 1, 2022 to May 1, 2023 listed in the New Request. USCIS shall make the release described in this paragraph to Plaintiffs pursuant to paragraph 6, below. Plaintiffs forever waive any challenge to, shall not challenge, and are barred from challenging any aspect of Defendants' responses described in this paragraph in any court, administrative proceeding, or before any other tribunal, including without limitation Defendants' search for or withholdings made pursuant to the FOIA in the release of information described in this paragraph, so long as the records are released pursuant to paragraph 6.

6. USCIS shall use best efforts in good faith to release the records identified in the above paragraphs invoking this paragraph, paragraph 6, no later than forty-five (45) days following the Court's entry of an order that this Stipulation "is so ordered." USCIS shall advise Plaintiffs the Settlement Conference Judge within ten (10) days before the completion deadline if that deadline will not be met. The Parties agree to attempt to resolve matters involving any such delay informally before seeking intervention from the Court. If the matter cannot be solved between the parties they may contact the Settlement Conference Judge for

1   further intervention.

2       7.   In view of the foregoing paragraphs, the only aspect of the Training Materials released in the 5th

3   and 6th Releases, forthcoming supplemental release of re-reviewed records from the 5th and 6th Releases,

4   or forthcoming Additional Training Materials that Plaintiffs may still challenge are withholdings made

5   pursuant to FOIA Exemption 7(E) or, in the Additional Training Materials, any FOIA Exemption of a

6   type not previously applied in the 5th and 6th Releases which are applied for the first time in the

7   aforementioned Additional Training Materials.  Plaintiffs forever waive any challenge to, shall not

8   challenge, and are barred from challenging any other aspect of Defendants' responses provided via the

9   Training Materials released in the 5th and 6th Releases, forthcoming supplemental release of re-reviewed

10  records from the 5th and 6th Releases, or forthcoming Additional Training Materials in any court,

11  administrative proceeding, or before any other tribunal, including without limitation Defendants' search

12  for or withholdings made pursuant to the FOIA other than FOIA Exemption 7(E) or, in the Additional

13  Training Materials only, FOIA Exemption of a type not previously applied in the 5th and 6th Releases

14  which is applied for the first time in the aforementioned Additional Training Materials.

15      8.   To the extent Plaintiffs may seek clarification of dates of last modification or to challenge USCIS's

16  withholdings made pursuant to FOIA Exemption 7(E) in the of the Training Materials released in the 5th

17  and 6th Releases, forthcoming supplemental release of re-reviewed records from the 5th and 6th Releases,

18  or forthcoming Additional Training Materials, Plaintiffs shall notify Defendants of their intent to seek any

19  such clarification or to bring any such challenge within thirty (30) days of Plaintiffs receipt of any such

20  records.  At the time of that notification Plaintiffs shall identify by individual page number(s) each page

21  for which they seek clarification and/or each page with a withholding made pursuant to FOIA Exemption

22  7(E) which they seek to challenge.  USCIS shall have ten (10) business days to review any such

23  notification.  Thereafter the Parties shall jointly contact the Settlement Conference Judge assigned to this

24  case, United States Magistrate Judge Kang, to schedule a follow-up Settlement Conference to resolve any

25  such request for clarification or challenge to FOIA Exemption 7(E) which remain.  Plaintiffs shall not

26  further litigate any of the matters described in this paragraph before completion of the follow-up

27  Settlement Conference.

28      9.   Whether in the above captioned action or in any other court, any other administrative proceeding,

or before any other tribunal, Plaintiffs waive, shall not make, and are barred from making any claim of entitlement to costs, litigation expenses, or attorneys' fees in connection with the Original Request or the New Request incurred prior to either (A) the release of the records on the date resulting by operation of paragraph 6 or (B) the date of the follow-up Settlement Conference described in paragraph 8, whichever is later.

10. In view of the foregoing paragraphs, Plaintiffs agree they shall and do hereby withdraw the New Request from consideration by Defendants and release and forever discharge Defendants from any claim or cause of action Plaintiffs could assert in connection with the New Request, and that Plaintiffs shall not refile another FOIA request seeking the records of the New Request within the same timeframe, so long as the records are released pursuant to paragraph 6.

11. This Stipulation does not constitute an admission of liability or fault on the part of Defendants, the United States, its agents, servants, or employees, and is entered into by both Parties, and pursuant to Federal Rule of Evidence 408, for the sole purpose of narrowing the scope of this case.

DATED: July 14, 2023                     Respectfully submitted,

                                         ISMAIL J. RAMSEY
                                         United States Attorney

                                         */s/ J. Wesley Samples*
                                         J. WESLEY SAMPLES
                                         Assistant United States Attorney
                                         Attorneys for Defendant

                                         */s/ D. Victoria Baranetsky**
                                         D. VICTORIA BARANETSKY
                                         The Center for Investigative Reporting
                                         Attorney for Plaintiffs

*\* In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

## ORDER

Pursuant to the STIPULATION of the Parties, IT IS SO ORDERED.  Parties' case management statement due September 5, 2023 shall include a joint status report regarding the release of information and settlement proceedings.

DATE: July 17, 2023

_____

The Honorable Sallie Kim
UNITED STATES MAGISTRATE JUDGE